Mr. Justice ThacheR
delivered the opinion of the court.
Thomas H. Williams and Bugg filed their bill, charging that in 1S36, they purchased of Anderson and Orne a tract of land for $4160, paying cash $1200, and making their notes at twelve, twenty-four and thirty-six months, with interest from date, at eight per cent., and received a title bond from vendors. Soon after, Thomas H. Williams assigned his interest in the purchase to Nathan G. Williams, and indorsed upon the title bond a direction to Anderson and Orne, to make a conveyance of his interest to Nathan G. Williams, upon his discharging the liability of Thomas H. Williams upon the notes described in the title bond. Subsequently, Nathan G. Williams made a verbal sale of his interest thus acquired to John J. Thompson, who, in the event, prevailed on Bugg to induce Anderson and Orne to make him a title to that portion of the land originally the property of Thomas H. Williams, as aforesaid. It is a matter of controversy, whether the whole amount of Thomas H. Williams’s liability has been liquidated by Nathan G. Williams in his lifetime, or since 'by Thompson. The bill sets up that $1000 is still due, and prays for an account, and that the land may be subjected to the payment of that amount, in accordance with which the Vice-chancellor decreed. The amount of cash payment, $1200, made at the purchase by Thomas H. Williams and Bugg, was derived from Nathan G. Williams, and he has advanced no part of the purchase-money.
*179 From all the foregoing circumstances, it seems most probable that the remedy of Thomas H. Williams is against Anderson and Orne, resisting the payment of the judgment against him. He certainly is not invested with a vendor’s lien upon the land, as against Nathan G. Williams and Thompson, for the very obvious reason that he has not paid the purchase-money to Anderson and Orne, and thus become invested with their equities. But as Anderson and Orne made title to Thompson, in opposition to the terms directed by Thomas H. Williams, and not at his request but at the request of another, he is probably thereby released from his indebtedness to Anderson and Orne, since his directions were that such a conveyance was only to be made upon the full discharge of his liability to them.
In the present aspect of the case, however, Anderson and Orne, not having been made parties, we are obliged to direct this bill to be dismissed.
Decree reversed, and bill directed to be dismissed.